## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-31078-H2-11 |
| | ) | |
| HUMBLE SURGICAL HOSPITAL, LLC, et al.,[1] | ) | Jointly Administered |
| | ) | |
| | ) | Judge Lynn N. Hughes |
| Debtors. | ) | |
| | ) | |
| | ) | |
| CHRIS QUINN, TRUSTEE OF THE HUMBLE SURGICAL HOSPITAL LIQUIDATING TRUST, | ) | Adversary No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SLR MEDICAL CONSULTING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Chris Quinn (the "Trustee"), Trustee of the Humble Surgical Hospital Liquidating Trust (the "Trust"), by his undersigned counsel, files this Complaint (the "Complaint") against SLR Medical Consulting, LLC ("Defendant"), and in support thereof alleges as follows:

### NATURE OF THE ACTION

1.      The Trustee brings this action, pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), to avoid and recover certain preferential transfers (each a "Transfer," and collectively, the "Transfers") that were made during

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Humble Surgical Hospital, LLC (4960), Case No. 17-31078-H2-11; Humble Surgical Holdings, LLC (9350), Case No. 17-31079-H2-11; K&S Consulting, ASC LP (5512), Case No. 17-31080-H2-11; and K&S Consulting Management, LLC (5422), Case No. 17-31081-H2-11.

the ninety-day period immediately prior to the Debtors' commencement of their chapter 11 bankruptcy cases.

2.     Additionally, the Trustee seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant in the Debtors' cases.  The Trustee does not waive but hereby reserves all of his rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.     The statutory and legal predicates for the relief sought herein are sections 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.     This Court has jurisdiction to hear this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409 because the Debtors' chapter 11 cases are pending in the United States District Court for the Southern District of Texas (the "District Court") as case number 4:12-cv-01206.

7.     In the event that this case is tried in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), then, pursuant to Local Bankruptcy Rule 7008-1, the Trustee states that he does consent to the entry of final orders or judgments by the

2

Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with article III of the United States Constitution.

## THE PARTIES

8.     The Trustee is the duly appointed, qualified, and acting liquidating trustee of the Liquidating Trust Agreement formed pursuant to the Second Amended Combined Disclosure Statement and Plan of Liquidation of Robert E. Ogle, Chapter 11 Trustee (the "Plan") [District Ct. Docket No. 789], and the Order Approving Disclosure Statement and Confirming Second Amended Plan (the "Confirmation Order") entered by the District Court on April 24, 2018 [Docket No. 343].

9.     Upon information and belief, Defendant may be served with process by serving SLR Medical Consulting, LLC, Attn: Jerry K. Morrison, 2301 Pittner Lane, Plano, Texas 75025 by any means provided for under the Bankruptcy Code.

## RELEVANT FACTS

10.     On February 24, 2017 (the "Petition Date"), Humble Surgical Hospital, LLC ("HSH"), Humble Surgical Holdings, LLC, K&S Consulting ASC, LP, and K&S Consulting Management, LLC each filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code in the Bankruptcy Court, thereby initiating the above-styled jointly administered bankruptcy cases.

11.     On the afternoon of February 24, 2017, the District Court withdrew the reference as to the cases [Docket No. 18].

12.     On February 27, 2017, the District Court re-referred the cases to the Bankruptcy Court [Docket No. 20].

13. On February 27, 2017, this Court entered an order authorizing the joint administration of the cases [Docket No. 28].

14. On March 2, 2017, the District Court again withdrew the reference as to the cases [Docket No. 66]. The District Court has been presiding over the cases since that time.

15. On March 6, 2017, the District Court entered an order approving the appointment of a chapter 11 trustee in the cases [Docket No. 72].

16. On March 6, 2017, the District Court appointed Robert E. Ogle (the "Chapter 11 Trustee") as the chapter 11 trustee [Docket No. 80] of the Debtors and their estates.

17. On April 23, 2018, the Chapter 11 Trustee filed the Plan [District Ct. Docket No. 789], and on April 24, 2018, this Court entered the Confirmation Order confirming the Plan [Docket No. 343].

18. The Plan became effective on May 24, 2018 [Docket No. 371].

19. Defendant is a testing facility that provided goods and/or services to HSH, and was, at the time of each transfer, owed money by HSH for previously provided goods and/or services.

20. Defendant invoiced HSH for previously provided goods and/or services. The invoices are identified below by invoice date, invoice amount, and invoice number:

| Invoice Date | Invoice Amount | Invoice Number |
|---|---|---|
| 1/27/2016 | $10,000.00 | 1236 |
| 2/11/2016 | $13,750.00 | 258 |
| 2/16/2016 | $4,530.00 | 262 |
| 2/19/2016 | $3,220.00 | 277 |
| 4/8/2016 | $9,550.00 | 429 |
| 5/27/2016 | $12,000.00 | 1396 |
| 6/3/2016 | $14,420.00 | 1417 |
| 6/21/2016 | $2,695.00 | 1429 |
| 6/21/2016 | $21,000.00 | 1430 |
| 6/28/2016 | $5,805.00 | 1436 |
| 10/14/2016 | $800.00 | 1741 |
| 10/14/2016 | $800.00 | 1742 |
| 10/21/2016 | $850.00 | 1743 |

21.     The Trustee has determined that between December 5, 2016 and February 14, 2017, HSH made transfers to Defendant in the aggregate amount of $49,305.00. The specific payments that comprise the Transfers, identified by payment date and payment amount, are as follows:

| Payment Date | Payment Amount |
|---|---|
| 12/5/2016 | $15,000.00 |
| 12/28/2016 | $10,000.00 |
| 1/5/2017 | $10,500.00 |
| 1/20/2017 | $10,000.00 |
| 1/27/2017 | $2,860.00 |
| 2/14/2017 | $945.00 |

22.     The Transfers were made during the ninety days immediately preceding the Petition Date. Pursuant to section 547(f) of the Bankruptcy Code, HSH is presumed to have been insolvent during the ninety days before the Petition Date. Notwithstanding this presumption, HSH was insolvent at the time of each of the Transfers.

23.     HSH was insolvent on the date of each of the Transfers.

24.     Since April 18, 2012, the Debtors failed to account for disputed liabilities owed to Aetna Life Insurance Company ("Aetna"). Aetna was ultimately awarded $41,411,650.98 plus pre-judgment interest against HSH [Docket No. 320]. Accounting for this liability, the Debtors' liabilities exceeded their assets at the time that each of the Transfers was made.

25.     Additionally, Regions Bank, N.A. ("Regions") had a prepetition lien on substantially all of the Debtors' assets, including, among other collateral, cash, accounts receivable, and proceeds. At the time each of the Transfers were made, the Debtors' fully-encumbered assets were valued less than the amount HSH owed Regions.

26.     As set forth in the Plan, the Chapter 11 Trustee estimates that liquidation of the Debtors' assets would have allowed for recovery of less than 1% on unsecured claims.

27.     The Trustee asserts that unsecured creditors will not be paid in full.

5

28.     Defendant's receipt of the Transfers enabled Defendant to receive more than it would have received had the Transfers not been made, the cases had been filed under chapter 7 of the Bankruptcy Code, and the Defendant received distribution in accordance with the priority and distribution provisions of the Bankruptcy Code.

29.     On September 28, 2018, the Trustee requested Defendant return the Transfers. Defendant failed to respond to the Trustee's request.

<strong>COUNT I—TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 547</strong>

30.     The Trustee realleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

31.     The Trustee would show that each Transfer is avoidable under section 547 of the Bankruptcy Code.

32.     Section 547(b) of the Bankruptcy Code provides:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1)     to or for the benefit of a creditor;
>
> (2)     for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3)     made while the debtor was insolvent;
>
> (4)     made—
>
> > (A)     on or within 90 days before the date of the filing of the petition; . . .
>
> (5)     that enables such creditor to receive more than such creditor would receive if—
>
> > (A)     the case were a case under chapter 7 of this title;
> >
> > (B)     the transfer had not been made; and
> >
> > (C)     such creditor received payment of such debt to the extent provided by the provisions of this title.

6

33.     Under section 547(b) of the Bankruptcy Code, each Transfer constitutes an avoidable preference.

34.     Each Transfer to Defendant constitutes a transfer of an interest of HSH in property.

35.     Each Transfer was to or for the benefit of Defendant.

36.     Each Transfer was for or on account of an antecedent debt owed by HSH before it made such payment.

37.     Pursuant to section 547(f) of the Bankruptcy Code, HSH is presumed to have been insolvent at the time of each Transfer.

38.     HSH was insolvent at the time of each Transfer.

39.     Each Transfer was made on or within ninety days before the Petition Date.

40.     Each Transfer enabled the Defendant to receive more than what Defendant would have received if (i) the case were a case under chapter 7 of the Bankruptcy Code; (ii) such Transfer had not been made; and (iii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

## COUNT II—TRANSFERS RECOVERABLE UNDER 11 U.S.C. § 550

41.     The Trustee realleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

42.     The Trustee would show that each Transfer is recoverable under section 550 of the Bankruptcy Code.

43.     Section 550(a)(1) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

a. the initial transferee of such transfer or the entity for whose benefit such transfer was made;

44. Defendant was the initial transferee of each Transfer.

45. The Trustee is entitled to avoid and recover each Transfer from Defendant under sections 547 and 550 of the Bankruptcy Code.

### COUNT III—DISALLOWANCE OF CLAIMS PURSUANT TO SECTIONS 502(d) AND (j) OF THE BANKRUPTCY CODE

46. The Trustee realleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

47. Defendant is a transferee of transfers avoidable under section 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

48. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

49. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates must be disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

50. Pursuant to section 502(j) of the Bankruptcy Code, any and all claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates previously allowed against the Debtors, must be reconsidered and disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of the Transfers.

### PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests that this Court enter judgment against Defendant granting the following relief:

8

A.  On the Trustee's First and Second Counts, judgment in favor of the Trustee and against Defendant, avoiding all of the Transfers and directing Defendant to return to the Trustee the amount of the Transfers, pursuant to sections 547(b) and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.  On the Trustee's Third Count, judgment in favor of the Trustee and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Transfers to the Trustee pursuant to section 502(d) and (j) of the Bankruptcy Code; and

C.  Granting the Trustee such other and further relief as this Court may deem just and proper.

Dated: February 20, 2019                          Respectfully submitted,


                                        */s/ John J. Sparacino*
                                        John J. Sparacino
                                        Texas Bar No. 18873700
                                        Federal I.D. No. 12551
                                        VORYS, SATER, SEYMOUR AND PEASE LLP
                                        700 Louisiana Street, Suite 4100
                                        Houston, Texas 77002
                                        (713) 588-7038
                                        (713) 588-7080 (facsimile)
                                        jjsparacino@vorys.com

                                        *Attorney for Chris Quinn, Trustee of the Humble Surgical Hospital Liquidating Trust*